THE STATE, SAMUEL M. PARKER ET AL., PROSECUTORS, PLAINTIFFS IN ERROR, v. JEREMIAH ADAMS ET AL., DEFENDANTS IN ERROR.

Surveyors of the highways cannot be appointed to vacate a road while proceedings upon a previous appointment of surveyors to vacate the same road are still pending.

On error to the Supreme Court.

For the plaintiff in error, *Thomas E. French.*

For the defendant in error, *David J. Pancoast.*

The opinion of the court was delivered by

REED, J.   Surveyors of the highways were appointed by the Court of Common Pleas of Gloucester county on April 2d, 1890, to vacate a public road.   The order of appointment was carried into the Supreme Court by a writ of *certiorari*. While the proceedings were still in the Supreme Court undetermined, a new application was made for the appointment of surveyors to vacate, substantially, the same road.   Upon this application an order was made.   The new order was also taken into the Supreme Court by *certiorari*.   The Supreme Court found, as a fact, that the road mentioned in the two orders was substantially the same.   The order of the Court of Common Pleas making the last appointment was, by the Supreme Court, affirmed.   From this judgment this writ of error is taken.

The point made in the court below, and renewed here, against the legality of the second appointment, is that, during the pendency of the first proceeding, the Court of Common Pleas was powerless to make a second order.

The rule in personal actions is that the pendency of an action can be pleaded in abatement of a second action between the same parties for the same purpose.   This rule rests upon the maxim *"Nemo debet bis vexari pro una et eadem causa."*

In proceedings of like character with those now under consideration, I think it is a novelty to have two in progress at the same time, by the same parties, to accomplish the same object.   In the condemnation of land for public use, for an instance, I do not know of any case, nor can I find a trace of any case in the books, where the same parties have put in motion a second proceeding to acquire the same land involved in a proceeding already pending.   Not only is such a course

opposed, generally, to legal rules of procedure, but in the matter of laying out, altering or vacating public roads, it. seems to be inimical to the policy of the Road act.

That act provides that, in case the surveyors shall return that they think the laying out, vacation or alteration of the road to be unnecessary, no new application touching said road shall be made under one year after said appointment. *Rev.*, *p.* 1013, § 100. So, also, if a caveat is filed and freeholders are appointed under section 8 of the Road act (*Rev.*, *p.* 996),. to review the action of surveyors, a similar limitation is imposed. If the freeholders return either that the proposed road or its vacation is necessary or is unnecessary, no further action can be taken within one year after recording the return.

Now, it could not have been within the legislative intention to have had these limitations practically nullified by the institution of successive appointments running their courses at the same time. It would be absurd to suppose that it was intended that the judgment of the surveyors first making a return should be annulled by the action of another set of surveyors, taken a week or a fortnight later. It must be conceded that when the judgment of one set of surveyors has been pronounced, the powers of any other set of surveyors is thereby extinguished. They, in respect to their authority derived from the court's appointment, would be *functi officio*. Now, the power to make up the first judgment must be lodged either in the set of surveyors or freeholders who happens to make the first return, or it must be confined to the set first appointed. All legal analogies, as well as the spirit of the statute, point to the latter as the proper body. If this power, then, resides in the first set appointed, exclusively,. then, so long as their appointment stands, it is presumed that they will execute their functions. Any additional appointment during this period would be entirely nugatory. The appointment brought up was improperly made, and the judgment of the Supreme Court affirming it is reversed.

*For affirmance* — None.

*For reversal* — THE CHANCELLOR, CHIEF JUSTICE, DIXON, REED, VAN SYCKEL, BOGERT, BROWN, CLEMENT, SMITH. 9.